IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

RICHARD F. WISE,

        Petitioner,

vs.                              **Case No. 09-3283-RDR**

CLAUDE CHESTER, Warden,
USP-Leavenworth,

        Respondent.

### MEMORANDUM AND ORDER

This case is before the court upon petitioner's action for habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate who contends that the Bureau of Prisons (BOP) has miscalculated the amount of time he must be incarcerated before he is released. The authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the BOP. United States v. Wilson, 503 U.S. 329, 334-35 (1992). The issues raised by petitioner center upon whether the BOP has properly calculated the credit toward the service of petitioner's federal sentence for time spent in custody prior to the imposition of his federal sentence.

I. HISTORY

    The following facts appear clear from the record. State and federal charges were filed against petitioner and were pending in April and May 2004. The state charges were in: State of Ohio v.

Richard Franklin Wise, Case No. B 0404041-A in Hamilton County, Ohio. The federal charges were in: U.S. v. Richard Franklin Wise, Case No. 05-CR-00080 in the Southern District of Ohio. Even though the federal indictment was filed in 2005, the criminal complaint which led to the indictment was filed on May 5, 2004 and a federal arrest warrant was issued the same day. State and federal arrest warrants were issued in the respective cases.

Petitioner was arrested on June 6, 2004 by officers with the Franklin County, Ohio Sheriff's Office. Petitioner contends that he was arrested on a federal warrant. Petitioner bases this contention on a record showing that petitioner was interviewed by an FBI agent on June 8, 2004 at the Franklin County Corrections Center. Doc. No. 1-1, Exhibit 2. Respondent contends that petitioner was arrested on a state warrant from Hamilton County. Respondent bases this contention on a Franklin County Sheriff's Office arrest record showing that petitioner was arrested on June 6, 2004 with a "hold" from Hamilton County. Doc. No. 6-1, Exhibit D at p. 3.

On June 8, 2004, the United States Marshal for the Southern District of Ohio issued a detainer against petitioner. The detainer is directed to the Sheriff of Franklin County. There is no indication that this detainer was served on the Sheriff of Franklin County, although petitioner has alleged that petitioner was served with the detainer on June 8, 2004. Petitioner was

transferred from Franklin County to the custody of the Hamilton County Sheriff on June 9, 2004.

On September 27, 2004, petitioner pleaded guilty to state charges of theft in the Hamilton County, Ohio court and was sentenced to 18 months. He was given credit for 125 days. On November 2, 2004, the U.S. Marshal for the Southern District of Ohio issued a detainer upon petitioner to the state correctional institution where petitioner was incarcerated. Doc. No. 1-1, Exhibit 5.

On April 12, 2005, petitioner was released from state custody temporarily upon a writ of habeas corpus ad prosequendum so that petitioner could enter federal custody to answer the federal charges filed in the Southern District of Ohio. See Doc. No. 6-1, Exhibit E; Doc. No. 1-1, Exhibit 6a. Petitioner claims that on this date his state sentence expired. Petitioner refers to a federal presentence report to support this claim as well as to a Bureau of Prisons report.

On October 28, 2005, petitioner pleaded guilty to some of the federal charges. Respondent claims that petitioner's state sentence expired on November 23, 2005 while petitioner was awaiting his federal sentence in federal custody on the writ of habeas corpus ad prosequendum.

Petitioner was sentenced in federal court to a controlling term of 84 months on August 24, 2006. Petitioner is currently

3

serving this sentence.

II. DISCUSSION

Petitioner claims that his state sentence expired on April 12, 2005 and that petitioner should have credit against his federal sentence for time served after that date and for any time served in federal custody after petitioner's arrest on June 6, 2004. Respondent contends that petitioner's state sentence expired on November 23, 2005 and that petitioner is entitled to credit for time served from November 24, 2005 to the date his federal sentence was imposed. Respondent further argues that any time petitioner was in custody from June 6, 2004 until November 23, 2005 was credited against petitioner's state sentence and therefore should not be credited against petitioner's federal sentence.

A. <u>Presentence credit under 18 U.S.C. § 3585(b)</u>.

Under 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> - - that has not been credited against another sentence.

The last clause makes clear that § 3585(b) is intended to prohibit double sentencing credit situations. <u>Wilson</u>, 503 U.S. at 337.

4

Thus, the BOP may not grant presentence credit for time that has been credited against another sentence. U.S. v. Vega, 493 F.3d 310, 314 (3rd Cir. 2007). The major question raised in this case is whether petitioner has served time in prison "that has not been credited against another sentence." The court believes the time petitioner claims should be credited against his federal sentence, has been credited against his state sentence.[1]

B. State sentence expiration date

Petitioner contends that he deserves credit for time served after April 12, 2005 because that is the date when his state sentence expired. Petitioner supports this claim by making reference to his federal presentence report which indicates on page two that petitioner was transferred into federal custody from state custody on April 12, 2005, and on page 16 that his state sentence expired on April 12, 2005. Doc. No. 1-1, Exhibits 6b and 7b. Petitioner also makes reference to an objection his attorney filed to the presentence report. Doc. No. 1-1, Exhibit 7a. This objection argued that his proper sentence on the state charge was 12 months, not 18 months, and that to correct this error petitioner's sentence was allowed to expire on April 12, 2005. Finally, petitioner refers to a BOP sentence computation dated

---

[1] Petitioner has made citation to Bloomgren v. Belaski, 948 F.2d 688 (10th Cir. 1991) and Brown v. Perrill, 28 F.3d 1073 (10th Cir. 1994) to argue that he is entitled to credit against his federal sentence. Both cases apply the provisions of 18 U.S.C. § 3568, which has been repealed and replaced with 18 U.S.C. § 3585.

5

November 13, 2007 which gave petitioner credit for time served from April 13, 2005 through August 23, 2006.

The court rejects petitioner's claim. The best evidence in this case is Exhibit G to Doc. No. 6-1. This is the sentencing computation of the Ohio Department of Rehabilitation and Corrections which shows that petitioner's expected release date on his state sentence was November 23, 2005. This expiration date makes sense for an eighteen-month sentence imposed on September 27, 2004 with 125 days credit.

Nothing contained in the federal presentence report and no ruling made with regard to petitioner's federal sentence could change petitioner's state sentence as reflected in that document. Moreover, the reference on page two of the presentence report to petitioner's transfer into federal custody on April 12, 2005 is correct in that it refers to the temporary transfer of custody pursuant to a writ of habeas corpus ad prosequendum. See Exhibit E to Doc. No. 6-1. A prisoner detained pursuant to a writ of habeas corpus ad prosequendum is considered to remain in the primary custody of the sending sovereign unless and until that sovereign relinquishes jurisdiction over the person. Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3rd Cir. 2002). Hence, this temporary transfer of custody pursuant to the writ of habeas corpus ad prosequendum is further proof that petitioner's state sentence did not expire on April 12, 2005 because if it had, there would have

been no need for the writ. See Weekes v. Fleming, 301 F.3d 1175, 1181 (10th Cir. 2002) cert. denied, 537 U.S. 1146 (2003) (use of ad prosequendum writ to gain custody is evidence that primary custody is in the hands of the sending sovereign); Robinson v. Owens, 2008 WL 783782 at *9 (D.S.C. 3/20/2008) (same); Anez v. Sherman, 2007 WL 4454744 at *3 (W.D.Pa. 12/17/2007) (same). There is no ruling cited by petitioner from a state or federal court showing that petitioner's state court sentence expired on April 12, 2005. We agree with respondent that any contrary indication in petitioner's federal presentence report is a scrivener's error, which has no legal force in this case.

Finally, as petitioner notes, the BOP may have thought at one time that petitioner's state sentence expired on April 12, 2005. See sentence computation at Doc. No. 1-1, Exhibit 8; see also, Regional Administrative Remedy Appeal at Doc. No. 6-1, Exhibit L. Perhaps the BOP was relying upon the federal presentence report at the time. But, the Bureau of Prisons has changed its position. See sentence computation at Doc. No. 1-1, Exhibit 9; see also, Administrative appeal denial signed by National Inmate Appeals Administrator at Doc. No. 6-1, Exhibit M. The court agrees with respondent that the later position is correct; petitioner's state sentence did not expire until November 23, 2005.[2] Therefore,

---

[2] Petitioner contends that the BOP's action is contrary to the holding in Brown, 28 F.3d at 1075-76 that the Attorney General cannot unilaterally eliminate a credit by administrative action

petitioner is not entitled to presentence credit for the time spent in custody from April 13, 2005 to November 23, 2005.

C. <u>Prior custody doctrine</u>

Petitioner also cites the prior custody doctrine to support his claim for habeas relief. The prior custody doctrine was described in <u>Weekes</u>, 301 F.3d at 1180:

> The sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant. . . . This rule of comity does not destroy the jurisdiction of the other sovereign over the defendant; it simply requires it to postpone its exercise of jurisdiction until the first sovereign agrees to temporarily or permanently relinquish custody . . . "The law of comity is such that . . . two sovereigns may decide between themselves which shall have custody of a convicted prisoner; however, the sovereign having prior jurisdiction need not waive its right to custody."

(Citations omitted) (quoting <u>Hernandez v. United States Attorney Gen.</u>, 689 F.2d 915, 919 (10th Cir. 1982)).

Petitioner claims that the federal government was the first to acquire custody over petitioner when he was arrested on June 6, 2004 and that the time he spent in custody thereafter should be credited against his federal sentence. We reject this claim for the following reasons.

---

once it has been expressly ordered by the sentencing court. In this case, the BOP did not eliminate a credit ordered by a state or federal sentencing court. Instead, the BOP changed its own computation of petitioner's federal sentence. The BOP's revised calculation is contrary to a mistaken entry in a federal presentence report regarding the expiration date of petitioner's state sentence. It does not withdraw a sentencing credit ordered by a state or federal court.

8

The evidence before the court indicates that petitioner was arrested by state authorities and placed in state custody. The fact that a federal arrest warrant was pending and that petitioner was interviewed by a federal agent in a state institution does not persuade the court that petitioner was in federal custody. Indeed, in petitioner's reply he indicates that the federal arrest warrant and a detainer were served two days after petitioner's arrest when he was interviewed at a county jail on June 8, 2004. Doc. No. 7 at p. 3. This suggests to the court that petitioner was arrested by state authorities upon a state arrest warrant. Indeed, all the actions of the state and federal authorities indicate that petitioner was in state custody. Petitioner was moved from Franklin County custody to Hamilton County custody because Hamilton County had a "hold" on petitioner. No detainer or writ was issued to accomplish this transfer. The fact that federal authorities issued and/or served detainers upon State of Ohio officials in June 2004 and November 2004, and served a writ of habeas corpus ad prosequendum in April 2005, is proof that the state had primary custody of petitioner. See Weekes, 301 F.3d at 1181.

Finally, even if petitioner was arrested on a federal warrant on June 6, 2004, petitioner could not rely upon the doctrine of primary custody to claim credit against his federal sentence for time served following his arrest. The doctrine of primary custody has been held to be a matter of comity between two sovereigns. In

9

this instance, it is clear that the state and federal authorities agreed that petitioner was in state custody after his arrest. Petitioner does not have standing to challenge this agreement. See Weekes, 301 F.3d at 1180 n. 4; Causey v. Civiletti, 621 F.2d 691, 694 (5th Cir. 1980).

III. CONCLUSION

After careful consideration, the court finds that the time for which petitioner seeks credit against his federal sentence, was credited against his state sentence. Petitioner is not entitled to double credit. Therefore, the court shall direct that the petition for a writ of habeas corpus be denied.

**IT IS SO ORDERED.**

Dated this 20th day of October, 2010 at Topeka, Kansas.

                                        s/Richard D. Rogers
                                        United States District Judge